Good morning, Your Honors. May it please the Court, Ashwini Mate representing Fernando Carrillo. And I'd like to try to reserve two minutes of my time for rebuttal. Your Honors, Mr. Carrillo did not act with the intent to do something unlawful that day when he broke into the Federal Building. If he had, why would he have called the police on himself? It simply doesn't make sense. During closing arguments, the government reduced their burden of having to prove that specific intent by improperly arguing that non-accidental and non-mistaken conduct combined with the fact that a reasonable person would have known that breaking a door that they didn't own was illegal was sufficient to prove a willful mens rea. I would argue that this case is not about what a reasonable person would have done in this situation. It's about what Mr. Carrillo was doing, what was in his mind when he acted that day. And non-accidental and non-mistaken conduct is simply not sufficient under the law for willfulness. Furthermore, the district court in ruling on the motion for new trial abused its discretion when it decided that the two examples that the government provided in closing were sufficient to relay the proper intent standard to the jury. For example, the district court decided that a trip and fall, the examples the government provided of a trip and fall or mistakenly not knowing that that door was not his home was sufficient to translate to the jury that Mr. Carrillo had to know that he was acting in a manner that was unlawful at the time that he committed the offense. This is simply incorrect under the law, and thus the district court abused its discretion in denying the motion for new trial. And if your honors have no further questions, I'll reserve the rest of my time for rebuttal. Thank you. May it please the court. Greg Scali on behalf of the United States. Good morning, your honors. The evidence of willfulness in this case was sufficient because willfulness is two things. First, it's acting intentionally and purposefully as opposed to accidentally. And secondly, it's acting with knowledge that one's conduct is unlawful. And the portion of that that's challenged in this case is what was the evidence that he acted with knowledge that his conduct was unlawful? Well, there were two primary types of evidence or forms of evidence that supported that conclusion by the jury. First, it's evidence that supports one of two factual findings, which together, these two factual findings add to the rational inference that he knew his conduct was illegal. So what are those findings? First, it's evidence that shows that he intentionally broke the door in the fire annunciator panel. And second, it's evidence that he's showing that he knew where he was and he didn't own the door or the fire annunciator panel. The evidence of each of those things is fairly clear. For the first one, there's a video of him doing it, striking the door and striking the panel. And the evidence showing that he knew where he was and he didn't own the door or the panel is evident from the audio from the 911 calls referring to his location and providing the address. I submit it's rational to conclude from those two showings that he intentionally broke the door on the panel and that he knew he didn't own them, that his conduct was illegal. Because some conduct is sufficiently blatant that it warrants an inference of a knowledge of unlawfulness. The second type of evidence that supported the element of knowledge of unlawfulness here, because of the specific facts of this case and because of the obvious illegality of breaking someone else's property, any evidence that showed that he was aware of what he was doing and not just completely in an utter haze of senselessness is evidence that would support a conclusion that he knew his conduct was unlawful. So any evidence that showed that even though he's saying some strange and irrational things on this phone call, any evidence showing that he tends to or that he understands what he's doing, a rational trier of fact could conclude from that that he understood his conduct and thus understood that it was illegal. And this includes the evidence on the video where he tries the door. He realizes it's locked. He doesn't keep trying it. He's responding to his environment and he reacts with understanding that it's locked by not trying to open it again. He also bangs on a window that he doesn't ultimately break. He appears to realize that that window is not breaking, so he moves over to the door and starts kicking that instead. This is a person who's responding to his environment with some knowledge of what's going on. He also, when he breaks the door, he doesn't keep banging on the door when it breaks. He instead, he actually responds to that and walks into the building. When he strikes the fire alarm, he strikes it twice, just enough to shatter the window. He doesn't keep banging on it when it breaks. He also, as we described in our brief, provided his correct location, accurately saying he's at the Federal Building, accurately saying he's near the Glass House, which is the LAPD headquarters in downtown L.A., accurately saying he's on a bench. He also seems to have specifically chosen this location because of the type of help that he apparently thinks he needs. While the plan is a little bit odd and- It is really odd, isn't it? You don't find this case in which somebody thought that there was a real problem and he had to get help for the problem and the place to get it was from the authorities? That's what he thought? That certainly seems to be what's- I hope if by any chance this case is reversed, you're not going to try him again. That's just a comment. Well, Your Honor, I think to fully address that, I might have to refer to things that are outside the record, so I don't know if that would be fair to the defendant at this point. Okay. I said it was just a comment. I mean, this is not a normal case of somebody breaking into property. This is a case of somebody who was breaking into the police department because he thought that that's how he would get help, or into the government where he thought he would get help for a problem he thought existed. And you told the jury there were only two choices, and one of which said that if it wasn't done knowing it to be illegal, it had to be done by accident. And surely there's more than that. Well, Your Honor, with regard to the comments, if I could turn to that, and just the last types of evidence that I think a rational trier of fact could have determined that there was sufficient evidence of willfulness before I fully turn to the State. Why don't you just move on to the prosecutorial misconduct argument? The chief complaint here is that the prosecutor omitted the requirement of the knowledge of unlawfulness, that prong of willfulness. But actually the prosecutor referred to it seven times during the course of the initial closing and rebuttal, twice during the initial closing and five times during the rebuttal. So if we look at the first alleged misstatement of the law, that's on page 230 of the record in lines 2, excuse me, 3 through 14, another way to look at willfully and what it means is that he didn't do it by accident. This isolated passage, without the context around it, would be incomplete and an inaccurate statement of the law. However, to the extent that it does refer to that first prong of willfulness, it is a correct statement of the law. He does have to, the willful requirement does include non-accidental conduct. To the extent that it's incomplete, the very next thing that the prosecutor refers to in lines 9 through 14 is the requirement that he has to be aware that his conduct is illegal. Indeed, the defense counsel at trial, when this statement was made, didn't think it merited an objection. You weren't the trial lawyer, were you? Your Honor, I was one of two trial attorneys on the case. You didn't make this closing argument, did you? I did not, Your Honor. The prosecutor who did it is here today in the gallery, present for the argument. Your Honor, my argument is that for each one of these, there is no misstatement. So with regard to the first two, that would be the first one. The next one comes later on that page. So what evidence do we have of that? You saw how much purpose and intent he put into destroying that door. He did not fall and trip and hit the door. He did not strike it by accident. This is willful conduct. And so I would again say that this is not actually a misstatement of the law. The government is free to argue that the purpose and the intent that he put into breaking down the door show a person who knows what he's doing and who's aware of his conduct in trying to do it. He has to know that it's unlawful. He has to do it with a bad purpose, knowing that it's unlawful. And I understand that's hard to prove because you have to use circumstantial evidence and it's an intent. And so that's a hard thing to prove. Your Honor, you're absolutely right that you have to prove it with knowledge of unlawfulness. It makes it a close case because of the crazy and erratic behavior of this particular defendant. Your Honor, I think what makes it not a close case is the obviousness of the illegality of the conduct. So what defense has sort of come up with on appeal is, look, there was this justifiable excuse that he had as a reason that would sort of make it a close case. When you say he made they may came up with this and made this up, here's somebody who broke into the building and then called the police department. Don't you think that that makes it a close case that he wasn't knowing that what he was doing was illegal, that he thought he was doing something that was justified, that maybe while it would have been illegal if he'd broken into a federal building or another building and stolen the candy bars, that would be one thing. If he breaks in and calls the police, doesn't that make it a close case as to whether he was doing something illegal and was calling the police to come and arrest him? Your Honor, the reason I said that this is arising on appeal is that the closing argument was not actually the argument that the court just laid out. The closing argument was, ladies and gentlemen, you can't tell what's going on here. He's not acting logical. There's no clear intent. So just throw up your hands because you can't tell what his motive is. You're not seeing what his bad purpose is. So throw up your hands and acquit. Well, maybe you or I could have made a better closing argument than the defense counsel. But, you know, when we talk here about was it a close case and you just look at the transcript and what did the man actually do? It's a man who broke into a government building. He wanted aid with something illegal that he thought was happening, and he called the police. Does that sound like, you know, maybe you could win an argument on it, but it certainly doesn't sound like a very clear case that he knew he was doing something illegal and broke in to call the police. Your Honor, I think even if the inference from the calls, from the 911 calls, is that he's suffering from some sort of odd thing that's going on in his head, again, the evidence does have to be viewed in the light most favorable to the government. And I think a rational trier of fact could see, given the nature of the conduct here, which is basically just per se bad conduct, breaking the property of another, something that we all learn as children you can't do and is unlawful. Given that, I think even if there's sort of this other element going on here with something going on in his brain, that doesn't mean that a rational trier of fact can't find that he believed this conduct was unlawful. With regard to some of the other... You're over time already. Oh, I apologize, Your Honor. All right. No need for an apology, but it's a need to stop talking. Yes, Your Honor. Okay, thank you. Your Honor, with respect to Judge Wardlaw's question about whether or not intent is difficult to prove, I would argue that this is the rare case where we actually have proof that he did not have the intent, and that was what the government had to argue against at closing in this case, and instead they argued that non-accidental or non-mistaken conduct wasn't sufficient to prove the intent here. That was an error. And my esteemed colleague said that this was not a close case because of the obviousness of the illegality of this conduct. Again, it's not whether a reasonable person would have known that breaking a door that they don't own is illegal. It's what Mr. Carrillo knew at the time that he did this. This is a specific intent case, and it's about his subjective beliefs at the time. And if there are no further questions... Did he testify? He did not testify. Thank you, counsel. Case just argued will be submitted.
judges: Reinhardt, Fernandez, Wardlaw